IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DELTA STONE PRODUCTS, INC.,<br><br>　　　Plaintiff,<br><br>vs.<br><br>ESTES EXPRESS LINES,<br><br>　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br>Case No. 2:15-cv-00586-TC |

　　　Defendant Estes Express Lines (Estes) filed a Motion to Strike (ECF No. 16) that attacks certain parts of Plaintiff Delta Stone Products' (Delta) Amended Complaint (ECF No. 10). Specifically, it asks the court to strike Delta's requests for consequential and specific damages and attorney fees. Delta argues that the court should employ the Rule 12(b)(6) standard even though Estes filed its motion under Rule 12(f) of the Federal Rules of Civil Procedure. The court agrees with Delta and treats Estes' motion as a motion to dismiss. The court assumes the well-pleaded allegations as true and consider them in the light most favorable to Estes. Thomas v. Kaven, 765 F.3d 1183, 1190 (10th Cir. 2014). The court grants the motion in part and denies the motion in part.

　　　Estes may seek consequential and specific damages because one could infer from the allegations that Estes knew, or should have known, what potential damages may have

been the consequence of hauling Delta Stone's particular product: rustic buff tiles.

Paragraph 8 of the Amended Complaint reads:

> Delta Stone . . . contracted with Estes Express for Estes Express to transport a shipment of approximately 508 square feet of 24 inch by 12 inch by 3/8 inch rustic buff tiles and approximately 200 square feet of 24 inch by 24 inch by 3/8 inch rustic buff tiles . . . from Heber, Utah to a customer . . . in Hackensack, New Jersey.

A reasonable factfinder could conclude that Estes understood what the tiles were to be used for by the description of how it was packaged. So Delta may be able to prove actual, advance notice of the potential damages.

Estes may not seek attorney fees because it has not based its claim on any legal authority. Under the American Rule, attorney fees are ordinarily unavailable unless a statute or contract between the parties provides otherwise. Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1480, 1481 (10th Cir. 1993) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). Without an exception to the American Rule, Delta is not entitled to fees.

## ORDER

For the reasons discussed above, the court DENIES the motion in part by not dismissing the request for consequential and specific damages and GRANTS the motion in part by dismissing the claim for attorney fees.

DATED this 10th day of November, 2015.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge